UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| JOHN P. MAURO, | : | CIVIL ACTION NO. 06-657 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| NEW JERSEY SUPREME COURT, et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

   **THIS MATTER ARISES** on the in-forma-pauperis application of
the plaintiff pro se pursuant to 28 U.S.C. § ("Section") 1915
("Application").  The plaintiff brought this action on February
14, 2006, against (1) the Supreme Court of New Jersey, and (2)
the seven Justices sitting thereon.  The Court will address the
Application before reviewing the complaint's sufficiency.  See
Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).[1]

### APPLICATION

   The plaintiff asserts that he (1) was last employed in
January 2006, and (2) has no savings.  (App., at 1-2.)  However,
he asserts that he has "basic bills [of] $3,500.00 per month."
(Id. at 2.)  He fails to explain how he is able to pay these
bills if he is without income or savings.  Also, he was able to

---

   [1]  The plaintiff is no stranger to commencing litigation pro
se in the District of New Jersey.  See, e.g., Mauro v. Stanzione,
Civil Action No. 03-4046 (WJM); Mauro v. Armstrong, Civil Action
No. 04-1065 (KSH); Mauro v. Beil, Civil Action No. 05-5791 (FSH).

pay the filing fee in another action brought only two months before this one.  See Mauro v. Beil, Civil Action No. 05-5791 (FSH), dkt. entry no. 1 (noting fee paid on December 12, 2005).

The Court will deny the Application because the plaintiff fails to show entitlement to in-forma-pauperis relief.  See Spence v. Cmty. Life Improv., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003); White v. Carollo, No. 01-4553, 2001 WL 1159845, at *1 (E.D. Pa. Sept. 13, 2001).  He is not entitled to such relief merely because his expenses are high.

### THE COMPLAINT

The Court may direct sua sponte that a complaint not be filed if it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must construe a pro se complaint liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court also must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not credit a plaintiff's bald assertions or legal conclusions.  Id.

The plaintiff seeks redress for "denial of relief in the state courts of New Jersey." (Compl., at 1.) He asserts:

> Lisa Zittis was empowered to use the New Jersey spousal abuse law to carry out a personal vendetta against [him]. Essential to the application of New Jersey's spousal abuse law were the cohesive acts of Thomas Dilts and Paul Armstrong (Somerset County Family Court Judges); Edwin Stern and Donald Coburn, (NJ Superior Appellate Court Judges); and Deborah T. Poritz Et Al. (NJ Supreme Court Judges). The scandalous misconduct of all aforenamed [sic] New Jersey judges aiding and abetting Lisa Zittis' abuse of New Jersey's spousal abuse law against [him] becomes apparent when one realizes: (1). That [he] never, at any point in time, had a spousal relationship with Lisa Zittis, (2). All of the aforenamed [sic] judges had actual knowledge that [he] and Lisa Zittis were never spouses; . . . (3). Thomas Dilts and Paul Armstrong empowered Lisa Zittis to use New Jersey's spousal abuse law to falsely arrest, falsely imprison, and carry out threats of harm against [him,] and Edwin Stern, Donald Coburn, and Deborah T. Poritz Et Al. refused to enforce the laws of New Jersey to protect [him] from continued harassment.

(Id., at 2-3.) He asserts further that he has:

> sought relief of the lower court's order restricting my freedom and placing me in a constant state of being threatened by Lisa Zittis, merely for excereising [sic] my constitutional and civil rights. The lower court refused to vacate the restrictions on me. I appealed the court's refusal to vacate the order restricting me but the appellate court of New Jersey in effect called New Jersey's spousal abuse laws frivolous. The New Jersey Supreme Court denied me due process and equal protection of the laws by joining the lower court and the appellate court by, effectively, calling my reliance on New Jersey's spousal abuse law as applying only to spouses frivolous.
>
> I sought relief from the abuse by petitioning Deborah T. Poritz Et Al. The New Jersey Supreme Court Judges have denied me due process . . . .

(Id. at 4.)  He asks the Court to (1) enjoin the aforementioned New Jersey state judges "from applying New Jersey's spousal abuse law to [him] in the interest of Lisa Zittis," and (2) "vacat[e] all orders lying against [his] freedoms . . . in re: Lisa Zittis."  (Id. at 5.)

The complaint insofar as asserted against individual state judges — to the extent the complaint arguably states cognizable claims — is barred under the absolute-immunity doctrine, as the alleged conduct concerns judicial acts.  Judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and alleged to have been done maliciously or corruptly.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000); see also Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993) (extending absolute immunity to court clerks); Marcedes v. Barrett, 453 F.2d 391, 391-92 (3d Cir. 1971) (extending immunity to court clerk and staff).

This Court also lacks jurisdiction over this action, as the plaintiff's claims were — or could have been — raised in state proceedings, from which he may seek review through the state appellate process and, if warranted, certiorari to the United States Supreme Court.  D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413,

414-16 (1923).[2]  A losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."

Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).  Thus:

> The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling.  Stated another way, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

McAllister v. Allegheny County Family Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005) (cites and quotes omitted); see Yuhasz v. Poritz, No. 05-1660, 2006 WL 335861, at *4 (3d Cir. Feb. 15, 2006) (applying Rooker-Feldman doctrine to action brought against judges).

### CONCLUSION

The complaint is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against defendants who are immune from such relief.  The Court will direct the Clerk of the Court (1) not to file the complaint, and

---

[2]  It appears that the plaintiff has litigated the issues presented here in the state courts.  See Zittis v. Mauro, 183 N.J. 256 (2005); New Jersey v. Mauro, 176 N.J. 279 (2003).  It also appears that the plaintiff has pursued some of these claims in a separate federal action.  See Mauro v. Armstrong, Civil Action No. 04-1065 (KSH).

(2) to designate the action as closed.  The Court will issue an appropriate order and judgment.


                                   s/ Mary L. Cooper

                                   **MARY L. COOPER**
                                   United States District Judge